57 F.3d 1061
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 UNITED STATES, Appellee,
v.
Booker CLARK, Defendant, Appellant.
 No. 94-2041.
 United States Court of Appeals,
First Circuit.
 June 8, 1995.
 
 Edward C. Roy, Roy & Cook on brief for appellant.
 Sheldon Whitehouse, United States Attorney, Margaret E. Curran and Lawrence D. Gaynor, Assistant United States Attorneys, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before CYR, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant Booker Clark pleaded guilty to conspiring to possess and distribute cocaine base and to commit various firearm offenses. He appeals his sentence on two grounds. First, he argues that the district court erred in calculating the quantity of drugs upon which the sentence was based. Second, Clark challenges the two-level enhancement for his role in the offense which the district court imposed pursuant to Sec. 3B1.1(c) of the Sentencing Guidelines. "Because appellant's conviction resulted from a guilty plea, we draw the facts from the Presentence Investigation Report (PSI) and the transcript of the sentencing hearing." United States v. Garcia, 954 F.2d 12, 14 (1st Cir. 1992).
 
 A. Drug Quantity
 
 2
 "A narcotics conspirator is responsible not only for drugs he actually handled or saw but also for the full quantity of drugs that he reasonably could have foreseen to be embraced by the conspiracy he joined." United States v. De La Cruz, 996 F.2d 1307, 1314 (1st Cir.) (citing U.S.S.G. Secs. 2D1.4, 2D1.1, 1B1.3 & comment n. 1), cert. denied, ___ U.S. ___, 114 S.Ct 356 (1993). The district court's determination of the quantity of drugs embraced by the conspiracy and foreseeable by the defendant will be reversed only for clear error. De La Cruz, 996 F.2d at 1314.
 
 
 3
 Clark argues on appeal that he could not have reasonably foreseen the amount of drugs involved in the August 21, 1993 transaction because there is no evidence that he had joined the conspiracy by that date. He relies on United States v. O'Campo, 973 F.2d 1015 (1st Cir. 1992), in which this court held that "the base offense level of a co-conspirator at sentencing should reflect only the quantity of drugs he reasonably foresees it is the object of the conspiracy to distribute after he joins the conspiracy." Id. at 1026.
 
 
 4
 In this case, however, the district court expressly found that the government had proved by a preponderance of the evidence that Clark "was part of the conspiracy to distribute crack cocaine on August 21, 1993 which was accomplished by [co- conspirators Terrence and Alfred Brooker] in Newport." Therefore, O'Campo does not apply, and the only question is whether it was clear error for the district court to conclude that Clark had joined the conspiracy by August 21, 1993.
 
 
 5
 Less than a week passed between the August 21 transaction in Newport and the August 27 transaction in Philadelphia. At Clark's sentencing hearing, Matthew Horace, an undercover agent working for the Federal Bureau of Alcohol, Tobacco and Firearms, testified that Clark identified himself as the person in charge at the August 27 transaction. He referred to Alfred Brooker as "his man." He determined who stayed at the train station and who went to get the drugs. Alfred Brooker reportedly told Horace that he and Terrence Brooker worked for Clark in an organization that distributed crack cocaine and guns in Philadelphia and that he went frequently to Newport to bring crack and guns to Newport. The district court found this testimony credible. "At sentencing, credibility determinations are the province of the district court." United States v. Sepulveda, 15 F.3d 1161, 1200 (1st Cir. 1993), cert. denied, ___ U.S. ___, 114 S.Ct 2714 (1994).
 
 
 6
 From this testimony, it would certainly be reasonable to infer that Clark had joined the conspiracy prior to August 21, 1993, and that-as the self-proclaimed person in charge-he could reasonably have foreseen the sale by the Brookers of 10.9 grams of cocaine base on that date. This is not the only reasonable inference. Horace testified that he did not know the source of the cocaine sold on August 21, 1993 and that the Brookers had told him that Clark was not their only source of cocaine, at least as of September, 1993.[1] Nonetheless, "where there is more than one plausible view of the circumstances, the sentencing court's choice among supportable alternatives cannot be clearly erroneous." United States v. Ruiz, 905 F.2d 499, 508 (1st Cir. 1990). The district court's inclusion of the 10.9 grams of cocaine base sold on August 21, 1993 as "relevant conduct" when determining Clark's guideline sentencing range was not clearly erroneous.
 
 B. Role in the Offense
 
 7
 Section 3B1.1(c) of the Guidelines provides, in relevant part, that defendant's offense level shall be increased by two levels if he was "an organizer, leader, manager, or supervisor." Application of Sec. 3B1.1(c) is appropriate where there are at least two participants in the criminal enterprise and where "the defendant exercised control over, or was otherwise responsible for organizing the activities of, at least one other individual in committing the crime." United States v. Akitoye, 923 F.2d 221, 227 (1st Cir. 1991). A district court's role-in-the-offense determination is reviewed only for clear error. Id.
 
 
 8
 The district court's application of Sec. 3B1.1(c) in this case was not clearly erroneous. There is no dispute that more than one person was involved in the offenses of conviction. With respect to Clark's exercise of control, the record supports the district court's finding that "the Defendant was a leader in the offenses that are the offenses of conviction in this case." Horace testified that Clark announced during the August 27 transaction that he was in charge. Alfred Brooker told Horace that the Brookers worked for Clark. Clark called Alfred Brooker "his man" and directed him to stay with Horace at the train station while Clark went to get the drugs. This evidence supports the district court's finding that Clark exercised control over at least one other person in committing the charged offenses. There was no clear error.
 
 
 9
 Accordingly, appellant's sentence is affirmed pursuant to Loc. R. 27.1.
 
 
 
 [1]
 The district court found that "the Brookers branched off after that [the August 21 transaction] in September, 1993, and decided to freelance and find cocaine and weapons from other sources")